UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HASHIM MOHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV425 CDP |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Hashim Mohammad (registration no. 1105506), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #6]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $10.72. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $43.00, and an average monthly balance of $53.58. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.72, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a

cause of action [that are] supported by mere conclusory statements." Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.   The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

Plaintiff Mohammad, along with four co-plaintiffs, filed the instant action on February 24, 2014, pursuant to 42 U.S.C. § 1983 against thirty-seven (37) officials at Potosi Correctional Center ("PCC") in both their individual and official capacities for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment.  See Baker v. Steele, 4:14CV333 JAR (E.D.Mo.).  Pursuant to Fed.R.Civ.P. 20 and Georgeoff v. Barnes, No. 2:09CV14 ERW, 2009 WL 1405497 (E.D.Mo. May 19, 2009), the Court struck plaintiff Mohammad, as well as the other three co-plaintiffs from the action, allowing the case to proceed with only the lead plaintiff in the case, Barry Baker.  In its Memorandum and Order striking the co-plaintiffs from the case, the Court instructed the Clerk of Court to open new cases for each of the four co-plaintiffs, utilizing the original complaint. [1]  Thus, presently before the Court is plaintiff Mohammad's original complaint.

---

[1] See Baker v. Steele, 4:14CV333 JAR; Perry v. Steele, 4:14CV423 CEJ; Muhammad v. Steele,

3

Plaintiff Mohammad brings this action pursuant to 42 U.S.C. § 1983 against thirty-seven (37) officials at Potosi Correctional Center ("PCC") in both their individual and official capacities for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. The complaint seeks monetary and injunctive relief.

Plaintiff asserts, through the writings of plaintiff Barry Baker, that in June and July 2013, he and several inmates at PCC filed grievances against defendants Clifton Bandy and Caleb Brown for using racial slurs against him and other inmates. In response to defendants' continued verbal harassment, plaintiff and other inmates began refusing to respond to Bandy or Brown during count, that is, they refused to say their names or identification numbers as required by prison rules.

Plaintiff claims that from July 16, 2013 through July 29, 2013, defendants Troy Steele, Jamie Crump, Cindy Griffith, Gregory Dunn, and Daniel Bryan, who are all supervisors, authorized the other defendants to place plaintiff and others on strip cell status as a result of the inmates' violation of the prison's rules. On July 16, 2013, defendants Willie Forbes, Unknown Henson, Jason Davis, Unknown Coulton, Unknown Whited, Unknown Wolf, and Unknown Douglas removed all of plaintiff's property from his cell and left him with one pair of socks, one t-shirt, one pair of underwear, and a mattress. No other items were permitted. Defendants conducted cell searches three times daily.

The following day, defendant Bryan authorized defendants to commence searching plaintiff's cell – and others' cells - nine times per day. This continued through July 23, 2013. On July 17, 2013, defendants Walker, Bandy, and Brown took away plaintiff's socks and t-shirt and took away other inmates' prescription eyeglasses.

---

On the morning of July 24, 2013, defendants Coulton and Davis searched plaintiff's cell and removed his mattress, forcing him to sleep on the concrete floor, which resulted in back pain. Defendants did not give plaintiff a smock or a security blanket, which plaintiff says is provided for by prison policy.

From July 24, 2013 through July 26, 2013, plaintiff's cell was searched once per hour for a total of forty-eight hours. During those same forty-eighty hours, defendants Wayne Scroggins, Unknown Baker, Davis, Forbes, Leach, Unknown Henson, Cooke, Walker, Rich, Hale, Craddock, Unknown Thompson, Unknown Crocker, Unknown Boyer, Unknown Stone, Unknown Davidson, Coulton, Unknown Jarvis, Whited, Unknown Wolf, Unknown Cain, Unknown Young, Unknown Jones, Unknown Bellis, Unknown Brestemeyer, Clack, Unknown Johnson, Unknown Kline, Brown, and Bandy took turns kicking plaintiff's cell doors every fifteen minutes for forty-eight hours. Defendants also left the lights on in plaintiff's cell. All of this resulted in sleep deprivation.

Plaintiff claims defendants Steele, Crump, Griffith, Dunn, and Bryan authorized the hourly searches and the kicking of his cell doors every fifteen minutes to intentionally cause sleep deprivation.

**Discussion**

Because plaintiff's complaint was drafted by Barry Baker and contains allegations relating to plaintiff Mohammad as well as his original co-plaintiffs, the Court will require plaintiff Mohammad to submit an amended complaint, on a court-form, within thirty (30) days of the date of this Memorandum and Order. As drafted, it is simply impossible to tell exactly what allegations directly pertain to plaintiff Mohammad.

5

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. See In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

As plaintiff will be submitting an amended complaint in this matter, the Court will deny his motion for appointment of counsel, without prejudice, at this time. Plaintiff has not yet written a motion or pleading by himself in this Court, therefore, the Court declines to find that he is unable to represent his own interests at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $10.72 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #7] is denied without prejudice**.**

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

Dated this 20th day of June, 2014.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE